## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**TERRY L. LARSON,**

   **Plaintiff,**

  **v.**        **Civil Action 2:20-cv-4997**
             **Judge Edmund A. Sargus**
             **Magistrate Judge Chelsey M. Vascura**

**LASHANN EPPINGER,** *et al.*,

   **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, Terry L. Larson, an Ohio inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983, the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and the Rehabilitation Act, 29 U.S.C. § 701, *et seq.* ("RA") against various employees of Grafton Correctional Institution ("GCI") and the Ohio Department of Corrections and Rehabilitation ("ODRC").  This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).  Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's Complaint pursuant to § 1915A(b)(1) for failure to state a claim on which relief may be granted.

## I.    BACKGROUND

Plaintiff is currently incarcerated at the Grafton Correctional Institution ("GCI") in Lorrain County, Ohio.  All pertinent events occurred while Plaintiff was an inmate at GCI. (Compl. ¶ 15, ECF No. 1.)  Plaintiff alleges that he was provided an accommodation under the ADA in 2008 to be assigned to a single man cell ("SMC") due to his need for frequent bowel movements following surgery to treat colorectal cancer.  (*Id.* ¶¶ 20–28.)  On October 22, 2018, Plaintiff was informed by Defendant David Hannah that his SMC accommodation was being discontinued because GCI's ADA Committee (consisting of Defendants Janice Douglas, Vanessa Shepherd, and Lashann Eppinger, as well as non-parties Brett Langston and L. Hanko) determined that an SMC was not medically necessary.  (*Id.* ¶¶ 56, 61.)  After sending kites, and having family members and an attorney send letters and emails on his behalf, to various Defendants, Plaintiff received notification from Defendant Eppinger, GCI's Warden, on November 20, 2018, that the ADA Committee determined that an SMC is not medically necessary; however, plaintiff would continue to have access to handicapped facilities within his unit.  (*Id.* ¶¶ 66–67, 69, 74, 77, 79–80, 84.)

In January 2019, Plaintiff was instructed to fill out a New Inmate Reasonable Accommodation Request (also known as a "4267 form") if he wished to continue receiving an accommodation for an SMC.  (*Id.* ¶¶ 103–04.)  However, Plaintiff felt that filling out this form would be procedurally inappropriate, because he was not requesting a new accommodation, but a continuation of an existing accommodation, and that it would be "a frivolous procedure because of the predetermined notion it will be denied."  (*Id.* ¶¶ 95, 103.)  Defendant Hannah explained to Plaintiff that filling out the form was necessary so that if Plaintiff received an unfavorable decision, it could be appealed.  (*Id.*)  Plaintiff declined to file a 4267 form at this time.

2

On February 27, 2019, another inmate became Plaintiff's cellmate for the first time since 2008. (*Id.* ¶ 111.) On May 20, 2019, Plaintiff filed a 4267 form on the advice of his attorney. (*Id.* ¶ 120.) On July 19, 2019, Plaintiff received a copy of the ADA Coordinator's Action dated July 10, 2019, which approved Plaintiff for continued assignment to a cell (but not a single man cell) and continued use of the handicapped restroom. (*Id.* ¶ 125.)

On September 23, 2020, Plaintiff commenced this action asserting claims for violation of the First, Eighth, and Fourteenth Amendments, the ADA, and the RA. (ECF No. 1.) Plaintiff seeks declaratory and injunctive relief as well as attorney's fees and costs. (*Id.* ¶¶ 173–89.)

## II.  STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915A as part of the Prison Litigation Reform Act in order to "discourage prisoners from filing [frivolous] claims that are unlikely to succeed." *Crawford-El v. Britton*, 523 U.S. 574, 596 (1998). Congress directed the Courts to "review, before docketing, if feasible or in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In particular, subsection (b) provides:

On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or—

(2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Thus, § 1915A requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir.

3

2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In addition, the Court holds *pro se* complaints "to less stringent standards than

4

formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

### III.    ANALYSIS

Plaintiff asserts claims under the First, Eighth, and Fourteenth Amendments, as well as the ADA and the RA.  The undersigned will consider Plaintiff's claims in turn.

### A.    First Amendment Claims

### 1.    Access to Courts

Plaintiff asserts that GCI and ODRC lack a process for appealing the termination of his SMC accommodation, which violates his First Amendment right of access to the Courts. (Compl. ¶ 90, 160.)   To state a claim that a state actor has violated a right of access to the courts, a plaintiff must allege an "actual injury" and official conduct that is more than mere negligence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005); *Gibbs v. Hopkins*, 10 F.3d 373, 379 (6th Cir. 1993).  "Actual injury" can be demonstrated by "the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  In addition, the underlying action cannot be frivolous.  *See Lewis v. Casey*, 518 U.S. 343, 353 (1996); *accord Hadix v. Johnson*, 182 F.3d 400, 405–06 (6th Cir. 1999) ("By explicitly requiring that plaintiffs show actual prejudice to non-frivolous claims, *Lewis* did in fact change the 'actual injury' requirement as it had previously been applied in this circuit.").  Thus, "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353, n.3).  "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416.

5

Accordingly, in drafting a complaint, a plaintiff must: (1) clearly state the underlying claim; and (2) include supporting facts that describe "official acts frustrating the litigation" to show actual injury. *Id.* at 415.

Plaintiff has not met these criteria. "[A]n inmate cannot establish relevant actual injury simply by establishing [their claim] in some theoretical sense." *Lewis*, 518 U.S. at 351. Injury can be taken from theoretical to actual by "go[ing] one step further and demonstrating the [allegations] . . . hindered [the plaintiff's] efforts to pursue a legal claim." *Id.* Plaintiff has not taken this step. He has not alleged that the appeal process available to him, counterintuitive though it may seem to Plaintiff, has prevented him from pursuing any non-frivolous claim.

In addition, Plaintiff's challenges to GCI's and ODRC's grievance process fail because inmates have no constitutional right to an adequate or effective grievance procedure. *See Walker v. Mich. Dep't of Corrs.*, No. 04-1347, 128 F. App'x. 441, 2005 WL 742743, at *3 (6th Cir. April 1, 2005) (citations omitted); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing *Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); and *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)).

It is therefore **RECOMMENDED** that the Court **DISMISS** Plaintiff's access-to-courts claim premised upon the alleged absence of an effective appeal process pursuant to § 1915A(b)(1).

## 2. Retaliation

Plaintiff alleges that Defendant Karen Stanworth, ODRC's Assistant Chief Inspector-Medical, retaliated against him when she responded to Plaintiff's correspondence requesting continuation of his SMC assignment by stating, "Please keep in mind, there are special correctional facilities for offenders who cannot function within general population due to bladder

6

and bowel issues. At the time you saw Dr. Douglas in 2018, you were not identified as having a need for an institution with special ADA accommodations." (Compl. ¶ 141.) Plaintiff contends that this statement constitutes "a threat to transfer him to another institution if he continues to grieve his position on the ADA SMC or file suit in court," which would cause difficulties for Plaintiff regarding family visits and attorney consultations. (*Id.* ¶ 142.)

"Prisoners have a First Amendment right to file grievances and access the courts without suffering retaliation for so doing." *Rodgers v. Hawley*, 14 F. App'x 403, 409–10 (6th Cir. 2001). A retaliation claim entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

Here, Plaintiff cannot satisfy the second or third element. The language that Plaintiff finds threatening and retaliatory simply is not susceptible of his reading. All Defendant Stanforth said was that another facility exists which serves inmates who cannot function in the general population due to bowel issues, and that *Plaintiff does not qualify for transfer there*. As Plaintiff *does not want to transfer there*, a person of ordinary firmness would not be deterred by this statement from pursuing grievances or court action. It is therefore **RECOMMEDED** that the Court **DISMISS** Plaintiff's First Amendment retaliation claim premised on Defendant Stanforth's statement pursuant to § 1915A(b)(1).

**B.      Eighth Amendment Claims**

Plaintiff contends that various Defendants violated his Eighth Amendment rights through deliberate indifference to his serious medical needs by denying him continued assignment to an SMC. It is well established that "[t]he Eighth Amendment forbids prison officials from

unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward [his] serious medical needs." *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010) (internal quotations omitted). A claim for deliberate indifference "has both objective and subjective components." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). The United States Court of Appeals for the Sixth Circuit has explained:

> The objective component mandates a sufficiently serious medical need. [*Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004).] The subjective component regards prison officials' state of mind. *Id.* Deliberate indifference "entails something more than mere negligence, but can be satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 895–96 (internal quotation marks and citations omitted). The prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 896 (internal quotation marks and citation omitted).

*Barnett*, 414 F. App'x at 787–88; *see also Jones*, 625 F.3d at 941 ("[T]he prison official must have acted with a state of mind similar to recklessness. Thus, to prove the required level of culpability, a plaintiff must show that the official: (1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk." (citations omitted)).

> The Sixth Circuit has also noted that in the context of deliberate indifference claims:

> "[W]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where a prisoner alleges only that the medical care he received was inadequate, "federal courts are generally reluctant to second guess medical judgments." *Id.* However, it is possible for medical treatment to be "so woefully inadequate as to amount to no treatment at all." *Id.*

*Alspaugh*, 643 F.3d at 169. *See also Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) ("If the plaintiff's claim, however, is based on the prison's failure to treat a condition adequately . . . the plaintiff must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." (internal quotation marks and citation omitted)).

Moreover, "when a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Id.* at 591. (quotation marks and citation omitted).

Here, Plaintiff has, at most, alleged that his medical care was inadequate, not nonexistent. Defendants consistently recognized that Plaintiff required some degree of accommodation due to his bowel issues, granting him continued access to a (non-single man) cell assignment and the handicapped restroom. Plaintiff has therefore failed to allege facts upon which the Court can rely to conclude that Defendants were deliberately indifferent to Plaintiff's medical needs. Further, despite sharing a cell since February 2019, Plaintiff has not alleged that there was ever an instance in which a toilet was not immediately available to him when needed. Plaintiff's allegations fall well short of the unnecessary and wanton infliction of pain by prison officials required for an Eighth Amendment claim. *See Jones*, 625 F.3d at 941. Accordingly, it is **RECOMMEDED** that the Court **DISMISS** Plaintiff's Eighth Amendment claims premised on failure to provide him with a single man cell pursuant to § 1915A(b)(1).

## C.     Fourteenth Amendment Claims

Plaintiff alleges that he has a liberty interest in continued access to a single man cell, and that Defendants violated his due process rights under the Fourteenth Amendment when they terminated his SMC assignment without an available appeal process. (Compl. ¶ 41, ECF No. 1.)

"[T]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "An inmate establishes a liberty interest when a change in conditions of confinement 'imposes atypical and significant hardship on [him] in relation to the ordinary incidents of prison

life.'" *Williams v. Lindamood*, 526 F. App'x 559, 562 (6th Cir. 2013) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).

Although the undersigned was unable to locate any cases considering whether the benefit of an SMC qualifies as a liberty interest, the Sixth Circuit has consistently held that a prisoner has "no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification." *Harbin–Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005); *see also Sandin*, 515 U.S. at 486 ("We hold that [the inmate's] discipline in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest."). If inmates lack a liberty interest in avoiding assignment to punitive segregation, they must *a fortiori* lack a liberty interest in avoiding assignment to a shared cell— one of the most ordinary incidents of prison life imaginable. He has therefore failed to allege a liberty interest protected by the Due Process Clause, and it is **RECOMMEDED** that the Court **DISMISS** Plaintiff's Fourteenth Amendment claims premised on termination of his single man cell assignment pursuant to § 1915A(b)(1).

**D.      ADA and RA Claims**

Plaintiff alleges that Defendants failed to reasonably accommodate his disability and discriminated against him on the basis of his disability in violation of Title II of the ADA and Section 504 of the RA.

It is well established that "the ADA and the Rehabilitation Act apply to prisoners." *Key v. Grayson*, 179 F.3d 996, 997 (6th Cir. 1999) (citing *Pennsylvania Dep't of Corrections v. Yeskey,* 524 U.S. 206, 212–13 (1998)). Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Similarly, § 504 of the RA provides that

"[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ."  29 U.S.C. § 794(a).  Thus, to plausibly allege a claim under either statute, Plaintiff must identify "services, programs, or activities" of which he has been denied the benefit by reason of his disability.  *Babcock v. Michigan*, 812 F.3d 531, 535–41 (6th Cir. 2016).

Plaintiff has not met this standard.  At most, Plaintiff alleges he has been denied a single man cell, which he contends is necessary due to his bowel condition.  But a single man cell is not a "service, program, or activity" provided by Defendants.  *See Gimbrone v. Krisher*, No. 2:12-CV-251, 2013 WL 1438024, at *6 (S.D. Ohio Apr. 9, 2013) (cane confiscated from prisoner, who claimed cane was necessary due to disability, was not a service, program, or activity under the ADA); *Bloodworth v. Doe*, No. 1:17-CV-00450-MRB, 2018 WL 4469605, at *2 (S.D. Ohio Sept. 18, 2018) (denial of contact lenses to prisoner did not form the basis of an ADA claim).  Nor has Plaintiff alleged any facts from which the undersigned could conclude that he was denied a single man cell by reason of his disability.  For instance, Plaintiff has not alleged that non-disabled inmates were assigned to single man cells.  Finally, neither the ADA nor the RA provide a cause of action for inadequate medical care.  *See Watson v. Mohr,* 2:17-cv-457, 2017 WL 6383812, at *5 (S.D. Ohio Dec. 14, 2017) (Report and Recommendation) (finding that a plaintiff failed to state a claim for relief under the ADA for the denial of medical treatment where the claim was merely an Eighth Amendment deliberate indifference claim in another statutory guise, noting that "[n]either medical treatment decisions nor medical malpractice . . . may form the basis of a claim under the ADA").  *See also Simmons v. Navajo Cty.*, 609 F.3d 1011, 1022 (9th Cir. 2010) ("The ADA prohibits discrimination because of disability, not

inadequate treatment for disability."); *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996)

("[T]he Act would not be violated by a prison's simply failing to attend to the medical needs of

its disabled prisoners . . . . The ADA does not create a remedy for medical malpractice.").

Accordingly, it is **RECOMMEDED** that the Court **DISMISS** Plaintiff's ADA and RA

claims premised on termination of his single man cell assignment pursuant to § 1915A(b)(1).

## IV.    DISPOSITION

For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** this

action pursuant to § 1915A(b)(1) for failure to state a claim on which relief may be granted. As

a result, it is further **RECOMMENDED** that Plaintiff's Motion for United States Marshals to

Serve Summons and Complaint (ECF No. 3) be **DENIED AS MOOT**.

## V.    PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen

(14) days of the date of this Report, file and serve on all parties written objections to those specific

proposed findings or recommendations to which objection is made, together with supporting

authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those

portions of the Report or specified proposed findings or recommendations to which objection is

made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in

part, the findings or recommendations made herein, may receive further evidence or may recommit

this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and

Recommendation will result in a waiver of the right to have the District Judge review the Report

and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

12

_/s/ Chelsey M. Vascura_
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE