UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TERRY LARSON,**

      **Plaintiff,**

v.

      Case No. 2:20-cv-4997
      Judge Edmund A. Sargus, Jr.
      Magistrate Judge Chelsey M. Vascura

**LASHANN EPPINGER,** *et al.***,**

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendants' Janice Douglas, Andrew Eddy, Lashann Eppinger, Keith J. Foley, David Less, Vanessa Shepherd, Karen Stanforth, and Roger Wilson's (collectively, "Defendants") Motion to Dismiss (ECF No. 9). Plaintiff filed a response in opposition (ECF No. 17) and Defendants replied (ECF No. 18). For the following reasons, the Court construes Defendants' motion as one for reconsideration and **DENIES** the motion.

### I. Background

The following factual allegations are restated from the Court's Opinion and Order Adopting in Part the Magistrate Judge's Report and Recommendation (ECF No. 6). Plaintiff Terry Larson is currently a state prisoner at Grafton Correctional Institution ("GCI") in Lorrain County, Ohio. (Compl. ¶ 15, ECF No. 1.) He was diagnosed with colorectal cancer in 2007 for which he underwent invasive surgery. (*Id.* ¶¶ 18–19.) As a result of his colorectal cancer, Plaintiff began experiencing uncontrollable bowel movements and underwent several more medical procedures from 2010 to 2015. (*Id.* ¶ 22.) According to Plaintiff, his colorectal cancer complications limit his ability to control relieving himself like the average person. (*Id.* ¶¶ 37, 42.) Plaintiff claims that, since 2008, he has experienced "12, 15, or 20 plus daily" bowel movements requiring immediate

1

access to a toilet for diarrhea, bloody stool, and other problems. (*Id.* ¶¶ 43–45.) To mitigate the frequency of his bowel movements and the need for access to a toilet, Plaintiff does not eat breakfast or lunch on the days he works and sometimes skips meals to accommodate his cellmate's schedule so that his cellmate can use the toilet. (*Id.* ¶ 44.) Plaintiff also must clean up after each bowel movement using items purchased from the commissary. (*Id.* ¶ 45.)

In 2008, Plaintiff submitted an ADA reasonable accommodation request for a single-man cell due to his frequent bowel movements resulting in problems with cellmates over using the cell's shared toilet. (*Id.* ¶ 24.) Plaintiff's request was initially denied based on grounds that Plaintiff's condition was "medical" and "not ADA." (*Id.* ¶ 25.) However, Plaintiff successfully appealed, and the ADA Coordinator for the Ohio Department of Rehabilitation Correction and the Special Needs Assessment Committee recommended that Plaintiff be placed into a single-man cell where he would have access to his own toilet as needed. (*Id.* ¶ 28.)

Plaintiff was provided the single-man cell accommodation from 2008 to 2018. In 2018, Defendant David Hannah, the prison's Health Care Administrator, told Plaintiff that GCI's ADA Committee (consisting of Defendants Lashann Eppinger, Janice Douglas, and Vanessa Shepherd) discontinued his single-man cell accommodation because it was not medically necessary. (*Id.* ¶¶ 56–61.) Plaintiff protested and requested that his single-man cell accommodation be reinstated. (*Id.* ¶¶ 56–84.) Defendant Eppinger, the warden of GCI, informed Plaintiff that the ADA committee determined that a single-man cell was not medically necessary, but that Plaintiff would have access to the handicapped bathroom within his unit. (*Id.* ¶ 84.)

In January 2019, Plaintiff was instructed to fill out a New Inmate Reasonable Accommodation Request if he wished to continue receiving his single-man cell accommodation. (*Id.* ¶¶ 103–04.) However, Plaintiff felt that filling out this form would be procedurally

2

inappropriate, because he was not requesting a new accommodation, but a continuation of an existing accommodation, and that it would be "a frivolous procedure because of the predetermined notion it will be denied." (*Id.* ¶¶ 95, 103.) Defendant Hannah explained to Plaintiff that filling out the form was necessary so that if Plaintiff received an unfavorable decision, it could be appealed. (*Id.*) Plaintiff eventually filed a New Inmate Reasonable Accommodation Request on the advice of his attorney. (*Id.* ¶ 120.)

On July 19, 2019, Plaintiff's accommodation request was approved, but only for continued access to the handicapped restroom. (*Id.* ¶ 125.) Plaintiff appealed this decision, and on December 2, 2019, his appeal was denied. (*Id.*, Appendix at 2.) Defendant Stanforth, an Assistant Chief Medical Inspector at GCI, informed Plaintiff "there are special correctional facilities for offenders who cannot function within the general population due to bladder and bowel issues" and that, at the time he saw his doctor in 2018, Plaintiff was not "identified as having a need for an institution with special ADA accommodations." (*Id.*)

Plaintiff now shares a cell with another inmate, which has a toilet. (*Id.* ¶¶ 126–135.) Plaintiff also has access to the handicapped bathroom as an accommodation. (*Id.*) Plaintiff alleges that still suffers from the same bowel complications as he did from 2008 to 2018 when he was provided the ADA single-man cell accommodation. (*Id.* ¶ 126.) He claims that a shared cell with access to the handicapped restroom does not accommodate his need for frequent access to a toilet due to his bowel movements. (*Id.* ¶ 126; Pl.'s Obj. at 8.) According to Plaintiff, the handicapped restroom is often times unavailable when needed. (Compl. ¶ 137.) Sometimes, it remains locked and Plaintiff must wait 20 minutes for the guards to unlock it; other times, Plaintiff must go hours without access to the handicapped restroom when it is occupied by another inmate with a disability because the restroom is single-use and doubles as a shower. (*Id.*; Pl.'s Obj. at 8.)

3

On September 23, 2020, Plaintiff commenced this action asserting claims for violation of the First, Eighth, and Fourteenth Amendments, the Americans with Disabilities Act, 42 U.S.C. § 12132 ("ADA"), and the Rehabilitation Act, 29 U.S.C. § 794(a) ("RA"). (Compl.) Plaintiff seeks declaratory and injunctive relief as well as attorney's fees and costs. (*Id.* ¶¶ 173–89.) The Magistrate Judge, pursuant to an initial screen of the Complaint under 28 U.S.C. § 1915A, recommended dismissal of all claims for failure to state a claim. (ECF No. 4, R. & R.) The Court adopted the recommendation to dismiss Plaintiff's constitutional claims under the First, Eighth, and Fourteenth Amendments but declined to adopt the recommendation to dismiss Plaintiff's ADA and RA claims. (ECF No. 6 at 15, Op. & Order.) Defendants subsequently filed the instant Motion to Dismiss Plaintiff's ADA and RA claims for failure to state a claim for which relief can be granted. The motion is ripe for review.

## II. Standard of Review

### A. Dismissal Under §1915A and Fed. R. Civ. P. 12(b)(6)

"Dismissals for failure to state a claim under…§ 1915A are governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6)." *Moniz v. Cox*, 512 F. App'x 495, 497 (6th Cir. 2013). Pursuant to 28 U.S.C. § 1915A(b)(1), federal courts *sua sponte* screen civil cases filed by prisoners seeking redress from government entities or their employees and dismiss any claim that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). The same language is used in Federal Rule of Procedure 12(b)(6), which permits defendants to move to dismiss an action for "failure to state a claim upon which relief may be granted."

In its Opinion adopting in part the Report and Recommendation, this Court found that the Complaint "states a claim upon which relief can be granted" under Title II of ADA and Section

4

504 of the RA. (Op. & Order at 14.) Defendants now argue dismissal is warranted because the Complaint fails to state a claim for which relief can be granted under the ADA and RA. Because Defendants ask the Court to apply the same standard to the Complaint, the Court construes the motion as a motion for reconsideration of its prior Opinion.

### B. Motion for Reconsideration

Although the Federal Rules of Civil Procedure do not explicitly address motions for reconsideration of interlocutory orders, the authority for a district court to hear such motions is found in both the common law and in Rule 54(b) of the Federal Rules of Civil Procedure. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). A district court's authority to reconsider its previous orders has been recognized to afford such relief as justice requires. *Id.* at 952; *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) ("every order short of a final decree is subject to reopening at the discretion of the district judge"); *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) ("District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment."). Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice. *Rodriguez,* 89 F. App'x at 959 (citing *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998)).

### III. Analysis

To state a reasonable accommodation or modification claim under the ADA and RA, a plaintiff must show (1) he has a disability, (2) he is a "qualified individual," and (3) he was "being excluded from participation in, denied the benefits of, or subjected to discrimination under the program because of" his disability. *Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir.

5

2015) (citing 42 U.S.C. § 12132); *McBride v. Michigan Dep't of Corr.*, 294 F. Supp. 3d 695, 704 (E.D. Mich. 2018).

For the purpose of their motion to dismiss, Defendants concede that Plaintiff meets the first two elements. They argue that Plaintiff fails on the third element because the Complaint does not allege that Plaintiff is excluded from participation in, denied the benefits of, or subjected to discrimination under the program because of his disability. (ECF No. 9 at 6.) Specifically, they emphasize that he was not denied the use of a toilet and he was not denied a single cell because of his disability. However, this Court explicitly found in its Opinion that Plaintiff has sufficiently alleged that he was denied an accommodation because of his disability:

> Prison officials had knowledge of Plaintiff's impairments and provided Plaintiff with a single-man cell accommodation from 2008 to 2018. After GCI revoked Plaintiff's single-man cell accommodation, Plaintiff was put into a cell with a cellmate and given access to the handicapped bathroom within his unit as an alternative accommodation. (*Id.* ¶ 84.) But, taking Plaintiff's allegations as true, the handicapped restroom is not readily available for Plaintiff to relieve himself when experiencing uncontrollable bowel movements. (Compl. ¶ 137; Pl.'s Obj. at 8.) The crux of Plaintiff's ADA and RA claims is that GCI provided him with a disability accommodation for 10 years, that it now provides him with a different accommodation, and that the different accommodation is ineffective because he cannot access a toilet when needed—the very purpose of providing Plaintiff an accommodation. *See US Airways, Inc. v. Barnett*, 535 U.S. 391, 400 (2002) ("An *ineffective* 'modification' or 'adjustment' will not *accommodate* a disabled individual's limitations.") (emphasis in original).

(Op. & Order at 14.)

Defendants submit three cases to support their argument. First, in *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001), the Sixth Circuit dismissed the plaintiff's §1983 improper conditions of confinement claim where the plaintiff alleged that he was deprived of a working toilet. Second, in *Hartsfield v. Vidor*, 199 F.3d 305 (6th Cir. 1999), the Sixth Circuit found that keeping an inmate in restraints for two eight-hour periods without bathroom breaks was not cruel and unusual punishment under the Eighth Amendment. Third, in *Simpson v. Overton*, 79 F. App'x

6

117, 119-20 (6th Cir. 2003), the Court dismissed the plaintiff's Eighth Amendment claim where he had to use the bathroom often but was prevented from using it for one hour each day during the prisoner count. The court said there was not cruel or unusual punishment. *Id.*

The three cases from twenty years ago are factually and legally dissimilar to Mr. Larson's case. The Sixth Circuit found that each of those plaintiffs did not have viable constitutional claims. Mr. Larson, however, asserts ADA and RA claims. The other plaintiffs either were not disabled, were only deprived of adequate bathrooms temporarily, or both. Mr. Larson alleges that he is deprived of adequate bathrooms for his disability permanently because of Defendants' actions.

Since the Court's Opinion and Order, there is no intervening change of controlling law or new evidence available. Additionally, there is no clear error. Defendants' sole argument that the Complaint fails to state an ADA and RA claim was already considered and discussed at length in the Court's prior Opinion and Order.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss Plaintiff's ADA and RA claims (ECF No. 9). This case remains open.

**IT IS SO ORDERED.**

**7/21/2022**                       s/Edmund A Sargus, Jr.
**DATE**                               **EDMUND A. SARGUS, JR.**
                                          **UNITED STATES DISTRICT JUDGE**