UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TERRY L. LARSON,

    **Plaintiff,**

  v.                                        Civil Action 2:20-cv-4997
                                               Judge Edmund A. Sargus, Jr.
                                               Magistrate Judge Chelsey M. Vascura

LASHANN EPPINGER, *et al.*,

    **Defendants.**

**OPINION AND ORDER**

    This matter is before the Court on Plaintiff's Motion for Leave to File Amended Complaint *Instanter* (ECF No. 29). Plaintiff initially filed an Amended Complaint, which was postmarked on August 11, 2022, and received by the Court on August 15, 2022, without seeking leave of Court. (ECF No. 26.) Defendants subsequently moved on August 18, 2022, to strike the Amended Complaint because it was filed outside the time for unilateral pleading amendments under Federal Rule of Civil Procedure 15(a)(1), Plaintiff obtained neither leave of Court nor Defendants' consent under Rule 15(a)(2), and the deadline for motions to amend the pleadings, as established in the Court's Scheduling Order (ECF No. 20), expired on August 15, 2022. (Defs.' Mot. to Strike 3, ECF No. 28.) However, Plaintiff also filed a Motion for Leave to File Amended Complaint *Instanter* (ECF No. 29), which was postmarked August 15, 2022, and received by the Court on August 18, 2022, after Defendants filed their Motion to Strike. Therefore, under the "prison mailbox rule," Plaintiff's Motion for leave to amend the complaint was timely filed. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (a pro se prisoner's

filing is deemed filed when it is handed over to prison officials for mailing to the court). Moreover, Defendants have not filed a brief in opposition to Plaintiff's Motion for leave to amend the complaint, and the time to do so has now expired.

Plaintiff's Motion for Leave to File Amended Complaint *Instanter* is deemed unopposed and timely. Thus, for good cause shown, Plaintiff's Motion for Leave to File Amended Complaint *Instanter* (ECF No. 29) is **GRANTED** pursuant to Federal Rule of Civil Procedure 15(a)(2). Plaintiff's Amended Complaint at ECF No. 26 is the operative Complaint. As Defendants no longer oppose the filing of Plaintiff's Amended Complaint, Defendants' Motion to Strike (ECF No. 28) is **DENIED AS MOOT**.

This Court too herein will screen Plaintiff's Amended Complaint as required by 28 U.S.C. § 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Amended Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, this action is **DISMISSED** pursuant to §§ 1915(e)(2) and 1915A(b)(1) for failure to state a claim on which relief may be granted.

I. BACKGROUND

Plaintiff is currently incarcerated at the Grafton Correctional Institution ("GCI") in Lorrain County, Ohio. All pertinent events occurred while Plaintiff was an inmate at GCI. (Am. Compl. ¶ 11, ECF No. 26.) Plaintiff alleges that he was provided an accommodation under the Americans with Disabilities Act ("ADA") in 2008 to be assigned to a single man cell ("SMC") due to his need for frequent bowel movements following surgery to treat colorectal cancer. (*Id.* at ¶¶ 20–24.) In 2018, Plaintiff's SMC assignment was revoked after prison officials determined

that an SMC was not medically necessary for Plaintiff. (*Id.* at ¶¶ 52, 56.) Plaintiff alleges that, in fact, all SMC disability accommodations were discontinued at this time, and that Defendants revoked his SMC assignment without consideration of his individual needs. (*Id.* at ¶¶ 52, 58, 60.) After sending kites, and having family members and an attorney send letters and emails on his behalf, to various officials, Plaintiff received notification from GCI's Warden on November 20, 2018, that the ADA Committee determined that an SMC was not medically necessary; however, plaintiff would continue to have access to handicapped facilities within his unit. (*Id.* at ¶¶ 61–63, 70–73, 76.)

In November 2018, Plaintiff was advised that he may appeal the decision by filling out a New Inmate Reasonable Accommodation Request (also known as a "4267 form"). (*Id.* at ¶¶ 86–87.) However, Plaintiff felt that filling out this form would be procedurally inappropriate, because he was not requesting a new accommodation, but a continuation of an existing accommodation, and that it would be "a frivolous procedure because of the predetermined notion it will be denied." (*Id.* at ¶ 87, 94–95.) In January 2019, GCI's Health Care Administrator explained to Plaintiff that filling out the form was necessary so that if Plaintiff received an unfavorable decision, it could be appealed. (*Id.* at ¶ 96.) Plaintiff declined to file a 4267 form at this time.

On February 27, 2019, another inmate became Plaintiff's cellmate for the first time since 2008. (*Id.* at 103.) On May 20, 2019, Plaintiff filed a 4267 form on the advice of his attorney. (*Id.* ¶ 112.) On July 19, 2019, Plaintiff received a copy of the ADA Coordinator's Action dated July 10, 2019, which approved Plaintiff for continued assignment to a cell (but not a single man cell) and continued use of the handicapped restroom. (*Id.* at ¶ 117.)

3

Plaintiff alleges that sharing a cell has resulted in inadequate toilet access and that the combination of a cell assignment and access to the handicapped restroom does not provide a reasonable accommodation in violation of the ADA. (*Id.* at ¶¶ 119, 122–23.) The handicapped restroom is allegedly not readily available for use, because it requires a corrections officer to unlock it (which can sometimes require a wait of up to 20 minutes), and it is used for both shower and toilet use. (*Id.* at ¶ 129.) Nor is it accessible to Plaintiff overnight or during occasions when Plaintiff is locked into his cell. (*Id.* at ¶ 130.)

Plaintiff was moved to a new unit on November 15, 2021. (*Id.* at ¶ 154.) In addition to the alleged problems with access to the handicapped restroom noted *supra*, Plaintiff further alleges that inmates in his new unit are also permitted to use the handicapped restroom to wash dishes, and that corrections officers either leave the door unlocked or unlock it at the request of any inmate (not only those with permission to use the handicapped restroom), which further limits his access. (*Id.* at 156–58.)

Plaintiff filed a new request for an SMC accommodation on September 9, 2021, and again on October 15, 2021, after the September 9 request was misplaced by prison officials. (*Id.* at ¶ 146–49.) Those requests were denied on January 12, 2022 "because Grafton Correctional Institution does not have the authority to change the institutional bed count." (*Id.* at ¶ 152.) Plaintiff appealed this decision on January 18, 2022. (*Id.* at ¶ 160.) Plaintiff's appeal was denied on March 21, 2022. (*Id.* at ¶ 161.) Plaintiff was told that, in response to Plaintiff's complaints, unit managers were instructed to ensure that special needs individuals have free access to the handicapped restroom. (*Id.*) However, Plaintiff continues to find use of the handicapped restroom ineffective due to its dual shower/toilet use and the need to wait for a corrections officer to unlock the door. (*Id.* at ¶ 163.)

Plaintiff's Amended Complaint advances claims under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and the Rehabilitation Act, 29 U.S.C. § 701, *et seq.* ("RA"). Plaintiff seeks declaratory and injunctive relief as well as attorney's fees and costs. (*Id.* at ¶¶ 176–89.)

## II. STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915A as part of the Prison Litigation Reform Act in order to "discourage prisoners from filing [frivolous] claims that are unlikely to succeed." *Crawford-El v. Britton*, 523 U.S. 574, 596 (1998). Congress directed the Courts to "review, before docketing, if feasible or in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In particular, subsection (b) provides:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b). Thus, § 1915A requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A).

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under

Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III. ANALYSIS

It is well established that "the ADA and the Rehabilitation Act apply to prisoners." *Key v. Grayson*, 179 F.3d 996, 997 (6th Cir. 1999) (citing *Pennsylvania Dep't of Corrections v. Yeskey,* 524 U.S. 206, 212–13 (1998)). Title II of the ADA states that "no qualified individual with a

6

disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Similarly, § 504 of the RA provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a). Plaintiff can succeed on his ADA and RA claims by establishing either that Defendants intentionally discriminated against him on the basis of his disability or that Defendants failed to make a reasonable modification to their policies, practices, or procedures to accommodate his disability. *See Anderson v. City of Blue Ash*, 798 F.3d 338, 353 (6th Cir. 2015) (analyzing intentional discrimination and reasonable modification claims separately under Title II of the ADA); *Ability Ctr. of Greater Toledo v. City of Sandusky*, 385 F.3d 901, 907 (6th Cir. 2004) ("Title II does more than prohibit public entities from intentionally discriminating against disabled individuals. It also requires that public entities make reasonable accommodations for disabled individuals so as not to deprive them of meaningful access to the benefits of the services such entities provide.").[1]

The Court construes Plaintiff's ADA and RA claims to seek redress for Defendants' failure to provide a reasonable accommodation for Plaintiff's disability. Relevant here, 28 C.F.R. § 35.130(b)(7)(i) requires a public entity to "make reasonable modifications in policies,

---

[1] The analysis here also applies to Plaintiff's claim under § 504 of the RA. *See McBride v. Michigan Dep't of Corr.,* 294 F. Supp. 3d 695, 704 (E.D. Mich. 2018). Similar to Title II of the ADA, the RA does not "expressly require accommodation," but "the Supreme Court has located a duty to accommodate in the statute generally." *Jaros v. Illinois Dep't of Corr.,* 684 F.3d 667,672 (7th Cir. 2012) (citing *Wisconsin Cmty. Servs., Inc. v. City of Milwaukee*, 465 F.3d 737, 747 (7th Cir. 2006) and *Alexander v. Choate,* 469 U.S. 287, 300–01 (1985)).

practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." Thus, to state a claim for failure to accommodate under Title II, Plaintiff must allege facts to show that he was "excluded from participation in or [was] denied the benefits of the services, programs, or activities of a public entity" due to the public entity's failure to make a "reasonable modification" to accommodate Plaintiff's disability. 28 C.F.R. § 35.130(a), (b)(7)(i).

Plaintiff cannot meet this standard. Assuming *arguendo* that access to a toilet is a "service, program, or activity" under the ADA and RA, and that an SMC is a reasonable modification to Defendants' policies, practices, or procedures, Plaintiff has not alleged that he has been denied access to a toilet due to Defendants' failure to provide him with an SMC. Although Plaintiff alleges that he has frequent bowel movements and that use of the toilet in his shared cell could hypothetically lead to conflicts with his cellmate (Am. Compl. ¶¶ 33, 120–21), he does not allege that the toilet in his cell has ever been unavailable to him when needed or that any conflicts with any of his cellmates have actually arisen since his SMC accommodation was rescinded in 2018. Moreover, although Plaintiff alleges that he often has to wait to use the toilet in the handicapped restroom (either because it is in use by other inmates, or because corrections officers are not immediately available to unlock the restroom) (*id.* at ¶¶ 156–58), Plaintiff does not allege that he is unable to use the toilet in his cell when the handicapped restroom is unavailable. Nor does Plaintiff allege that he is incontinent or that he has ever had an incident as the result of having to wait for access to a toilet. At most, Plaintiff alleges that he has had to wait on occasion up to 20 minutes for a corrections officer to unlock the handicapped restroom. (*Id.* at ¶ 129.) Therefore, even when viewing the complaint in the lenient manner as this Court is

8

required to do, it contains no claim with facial plausibility. That is, the factual content does not allow this Court to draw the reasonable inference that the prison's current accommodations for Plaintiff's disability—a shared cell assignment with toilet availability and access to the handicapped restroom—are ineffective or fail to reasonably accommodate him. Plaintiff's ADA and RA claims must therefore be dismissed.

## IV. DISPOSITION

For the foregoing reasons, Plaintiff's Motion for Leave to File Amended Complaint *Instanter* (ECF No. 29) is **GRANTED;** Defendants' Motion to Strike (ECF No. 28) is **DENIED AS MOOT**; Plaintiff's Amended Complaint is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915A. Accordingly, Plaintiff's Motion for United States Marshals to Serve Summons and Complaint (ECF No. 27) is **DENIED AS MOOT**. The Clerk is **DIRECTED** to close this case **ENTER JUDGMENT** in favor of Defendants.

**IT IS SO ORDERED.**

10/20/2022                                              s/Edmund A. Sargus, Jr.
**DATE**                                                    **EDMUND A. SARGUS, JR.**
                                                                **UNITED STATES DISTRICT JUDGE**