UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TERRY L. LARSON,**

    **Plaintiff,**

  v.                                         Civil Action 2:20-cv-4997
                                               Judge Edmund A. Sargus, Jr.
                                               Magistrate Judge Chelsey M. Vascura

**LASHANN EPPINGER,** *et al.***,**

    **Defendants.**

**OPINION AND ORDER**

    This matter is before the Court on Plaintiff's Motion to Reconsider Judgment under Civil Rule of Procedure 59(e), which is hereby **DENIED**.  (ECF No. 36.)

**I.**

    Plaintiff is currently incarcerated at the Grafton Correctional Institution ("GCI") in Lorrain County, Ohio. All pertinent events occurred while Plaintiff was an inmate at GCI. (Am. Compl. ¶ 11, ECF No. 26.) Plaintiff alleges that he was provided an accommodation under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA") in 2008 to be assigned to a single man cell ("SMC") due to his need for frequent bowel movements following surgery to treat colorectal cancer. (*Id.* at ¶¶ 20–24.) In 2018, Plaintiff's SMC assignment was revoked after prison officials determined that an SMC was not medically necessary for Plaintiff. (*Id.* at ¶¶ 52, 56.) Plaintiff alleges that, in fact, all SMC disability accommodations were discontinued at this time, and that Defendants revoked his SMC assignment without consideration of his individual needs. (*Id.* at ¶¶ 52, 58, 60.)   This Court found that Plaintiff failed to state a plausible claim for failure to provide a reasonable accommodation for Plaintiff's disability.  Specifically, the Court stated:

> Assuming *arguendo* that access to a toilet is a "service, program, or activity" under the ADA and RA, and that an SMC is a reasonable modification to Defendants' policies, practices, or procedures, Plaintiff has not alleged that he has been denied access to a toilet due to Defendants' failure to provide him with an SMC. Although Plaintiff alleges that he has frequent bowel movements and that use of the toilet in his shared cell could hypothetically lead to conflicts with his cellmate (Am. Compl. ¶¶ 33, 120–21), he does not allege that the toilet in his cell has ever been unavailable to him when needed or that any conflicts with any of his cellmates have actually arisen since his SMC accommodation was rescinded in 2018.
>
> Moreover, although Plaintiff alleges that he often has to wait to use the toilet in the handicapped restroom (either because it is in use by other inmates, or because corrections officers are not immediately available to unlock the restroom) (*id.* at ¶¶ 156–58), Plaintiff does not allege that he is unable to use the toilet in his cell when the handicapped restroom is unavailable. Nor does Plaintiff allege that he is incontinent or that he has ever had an incident as the result of having to wait for access to a toilet.
>
> At most, Plaintiff alleges that he has had to wait on occasion up to 20 minutes for a corrections officer to unlock the handicapped restroom. (*Id.* at ¶ 129.) Therefore, even when viewing the complaint in the lenient manner as this Court is required to do, it contains no claim with facial plausibility. That is, the factual content does not allow this Court to draw the reasonable inference that the prison's current accommodations for Plaintiff's disability—a shared cell assignment with toilet availability and access to the handicapped restroom—are ineffective or fail to reasonably accommodate him. Plaintiff's ADA and RA [Rehabilitation Act, 29 U.S.C. § 701, *et seq.*] claims must therefore be dismissed.

(ECF No. 32 at 8–9.)

Plaintiff asks the Court to reconsider its entry of judgment (ECF No. 33) based on this Opinion and Order dismissing this action pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1) for failure to state a claim on which relief may be granted (ECF No. 32).

## II.

Rule 59(e) allows a party to file a motion to alter or amend judgment within a ten-day time period of the entry of the Judgment. The disposition of such a motion is "entrusted to the [c]ourt's sound discretion." *Huff v. Metropolitan Life Ins. Co.,* 675 F.2d 119, 122 (6th Cir. 1982). Under Rule 59(e), a court will alter or amend its judgment when there is: (1) a clear error of law,

(2) newly discovered evidence, (3) an intervening change in controlling law, or (4) to prevent manifest injustice." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998); *Drivers Ass'n, Inc v. Artic Exp., Inc.*, 288 F. Supp. 2d 895, 900 (S.D. Ohio 2003).

## III.

In Plaintiff's motion for reconsideration, he contends that the Court mistakenly found that he had failed to allege that he was ever without a toilet when needed. It is true that Plaintiff may have had to wait occasionally (when his roommate was using the toilet and the handicap restroom was also in use or locked), but that is not sufficient to show that he was without a toilet when needed. He may have been, for up to 20 minutes at times, without access to a toilet when he wanted one—but not when he needed one. And, Plaintiff's generic allegations of incontinence are implausible in light of his other allegations that he sometimes waits 20 minutes to use the handicapped restroom.

Thus, the Court finds that Plaintiff has failed to state a plausible claim and nothing in his Motion for Reconsideration draws that finding into question.

## IV.

Based on the foregoing, the Court **DENIES** Plaintiff's Motion for Reconsideration. (ECF No. 36.)

**IT IS SO ORDERED.**

**11/8/2022**                                           s/Edmund A. Sargus, Jr.
**DATE**                                          **EDMUND A. SARGUS, JR.**
                                                    **UNITD STATES DISTRICT JUDGE**